FILED
TARRANT COUNTY
5/16/2016 9:27:40 AM
THOMAS A. WILDER
DISTRICT CLERK

NO. 017-284890-16

| | | |
|---|---|---|
| EXXON MOBIL CORPORATION | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| CLAUDE EARL WALKER, Attorney General of the United States Virgin Islands, in his official capacity, COHEN MILSTEIN SELLERS & TOLL, PLLC, in its official capacity as designee, and LINDA SINGER, in her official capacity as designee, | § | TARRANT COUNTY, TEXAS |
| | § | |
| *Defendants.* | § | 17ᵀᴴ JUDICIAL DISTRICT |

## PLEA IN INTERVENTION OF THE STATES OF TEXAS AND ALABAMA

The States of Texas and Alabama intervene under Rule 60 of the Texas Rules of Civil Procedure to protect the due process rights of their residents.

**I.   Background.**

At a recent gathering on climate change in New York City, Claude Earl Walker, Attorney General of the United States Virgin Islands, announced an investigation by his office ("Investigation") into a company whose product he claims "is destroying this earth." Pl. Compl. Ex. B at 16. A week earlier, ExxonMobil Corporation, a New Jersey corporation with principal offices in Texas, was served with a subpoena seeking documents responsive to alleged violations of the penal code of the Virgin Islands. *Id.* at ¶ 20, Ex. A at 1. Though General Walker signed the subpoena, it arrived in an envelope postmarked in Washington, D.C, with a return address for Cohen Milstein, a law firm that

describes itself as a "pioneer in plaintiff class action lawsuits" and "the most effective law firm in the United States for lawsuits with a strong social and political component." *Id.* at ¶¶ 4, 20. ExxonMobil now seeks to quash the subpoena in Texas state court, asserting, *inter alia*, that the Investigation violates the First Amendment and that the participation of Cohen Milstein, allegedly on a contingency fee basis, is an unconstitutional delegation of prosecutorial power. *See generally id.*

The intervenors are States whose sovereign power and investigative and prosecutorial authority are implicated by the issues and tactics raised herein. General Walker's Investigation appears to be driven by ideology, and not law, as demonstrated not only by his collusion with Cohen Milstein, but also by his request for almost four decades worth of material from a company with no business operations, employees, or assets in the Virgin Islands. *Id.* at ¶ 7. And it is disconcerting that the apparent pilot of the discovery expedition is a private law firm that could take home a percentage of penalties (if assessed) available only to government prosecutors. We agree with ExxonMobil that serious jurisdictional concerns exist, but to protect the fundamental right of impartiality in criminal and quasi-criminal investigations, we intervene.

## II.   Standard for Intervention.

Rule of Civil Procedure 60 provides that "[a]ny party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party." TEX. R. CIV. P. 60. "Rule 60 . . . provides . . . that

any party may intervene" in litigation in which they have a sufficient interest. *Mendez v. Brewer*, 626 S.W.2d 498, 499 (Tex. 1982). "A party has a justiciable interest in a lawsuit, and thus a right to intervene, when his interests will be affected by the litigation." *Jabri v. Alsayyed*, 145 S.W.3d 660, 672 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (citing *Law Offices of Windle Turley v. Ghiasinejad*, 109 S.W.3d 68, 71 (Tex. App.—Fort Worth 2003, no pet.)). And an intervenor is not required to secure a court's permission to intervene in a cause of action or prove that it has standing. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990).

There is no pre-judgment deadline for intervention. *Tex. Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 36 (Tex. 2008). Texas courts recognize an "expansive" intervention doctrine in which a plea in intervention is untimely only if it is "filed after judgment." *State v. Naylor*, 466 S.W.3d 783, 788 (Tex. 2015) (quoting *First Alief Bank v. White*, 682 S.W.2d 251, 252 (Tex. 1984)). There is no final judgment in this case, thus making the States' intervention timely.

## III. Intervenors Have an Interest in Ensuring Constitutional Safeguards for Prosecutions of its Residents.

The alleged use of contingency fees in this case raises serious due process considerations that the intervenors have an interest in protecting.

To begin, government attorneys have a constitutional duty to act impartially in the execution of their office. The Supreme Court has explained that attorneys who represent the public do not represent an ordinary party in litigation, but "a sovereignty whose obligation to govern impartially is as

compelling as its obligation to govern at all." *Berger v. United States*, 295 U.S. 78, 88, (1935).

Contingency fee arrangements cut against the duty of impartiality by giving the attorney that represents the government a financial stake in the outcome. Thus, the use of contingency fees is highly suspect in criminal cases and, more generally, when fundamental rights are at stake. *State v. Lead Indus., Ass'n, Inc.*, 951 A.2d 428, 476 n. 48 (R.I. 2008) (doubting that contingent fees would ever be appropriate in a criminal case); *Int'l Paper Co. v. Harris Cty.*, 445 S.W.3d 379, 393 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (contingency fees are impermissible in cases implicating fundamental rights).

Here, the Investigation appears to be a punitive enforcement action, as all of the statutes that ExxonMobil purportedly violated are found in the criminal code of the Virgin Islands. 14 V.I.C. §§ 551, 605, 834. In addition, ExxonMobil asserts a First Amendment interest to be free from viewpoint discrimination. Intervenors, in sum, have a strong interest in ensuring that contingency fee arrangements are not used in criminal and quasi criminal cases where a multitude of fundamental rights, including speech, lie in the balance.

## IV.   Conclusion and Prayer for Relief.

The States identified herein, Texas and Alabama, by and through this intervention, request notice and appearance, and the opportunity to defend the rule of law before this Court.

Respectfully submitted,

| | |
|---|---|
| LUTHER STRANGE<br>Attorney General of Alabama<br>501 Washington Ave.<br>Montgomery, Alabama 36104 | KEN PAXTON<br>Attorney General of Texas<br><br>JEFFREY C. MATEER<br>First Assistant Attorney General<br><br>BRANTLEY STARR<br>Deputy Attorney General for Legal   Counsel<br><br>AUSTIN R. NIMOCKS<br>Associate Deputy Attorney General for   Special Litigation<br><br><u>/s/ Austin R. Nimocks</u><br>AUSTIN R. NIMOCKS<br>Texas Bar No. 24002695<br><br>Special Litigation Division<br>P.O. Box 12548, Mail Code 001<br>Austin, Texas 78711-2548<br><br>*ATTORNEYS FOR INTERVENORS* |

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been served on the following counsel of record on this 16th day of May, 2016, in accordance with Rule 21a of the Texas Rules of Civil Procedure, electronically through the electronic filing manager:

Patrick J. Conlon
patrick.j.conlon@exxonmobil.com
Daniel E. Bolia
daniel.e.bolia@exxonmobil.com
1301 Fannin Street
Houston, TX 77002

Theodore V. Wells, Jr.
twells@paulweiss.com
Michele Hirshman
mhirshman@paulweiss.com
Daniel J. Toal
dtoal@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP
1285 Avenue of the Americas
New York, NY 10019-6064

Justin Anderson
janderson@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP
2001 K Street, NW
Washington, D.C. 20006-1047

Ralph H. Duggins
rduggins@canteyhanger.com
Philip A. Vickers
pvickers@canteyhanger.com
Alix D. Allison
aallison@canteyhanger.com
CANTEY HANGER LLP
600 W. 6th St. #300
Fort Worth, TX 76102

Nina Cortell
nina.cortell@haynesboone.com
HAYNES & BOONE, LLP
301 Commerce Street
Suite 2600
Fort Worth, TX 76102

*Counsel for Exxon Mobil Corporation*

Cohen Milstein Sellers & Toll PLLC
lsinger@cohenmilstein.com
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005

Linda Singer, Esq.
lsinger@cohenmilstein.com
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005

Claude Earl Walker, Esq.
claude.walker@doj.vi.gov
Attorney General
3438 Kronprindsens Gade
GERS Complex, 2nd Floor
St. Thomas, U.S. Virgin Islands 00802

                                                  /s/ Austin R. Nimocks
                                                  Austin R. Nimocks
                                                  Associate Deputy Attorney General for
                                                  Special Litigation